IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:12cv267

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| SAMI MEHOVIC, individually and d/b/a ) | |
| Eddie's After Hours Bar and Grill, and ) | |
| EDDIE'S AFTER HOURS BARE AND ) | |
| GRILL, LLC, a business entity d/b/a ) | |
| Eddie's After Hours Bar and Grill, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Motion to Dismiss of Defendant Sami Mehovic [Doc. 9].

Pursuant to 28 U.S.C. §636(b) and the Standing Orders of Designation of this Court, United States Magistrate Judge Dennis L. Howell was designated to consider the motion and to submit recommendations for its disposition.

On April 17, 2013, the Magistrate Judge filed a Memorandum and Recommendation in which he recommended granting the motion. [Doc. 16]. The Plaintiff timely filed objections to that recommendation. [Doc.18].

## PROCEDURAL HISTORY

The Plaintiff initiated this action on August 27, 2012 alleging claims pursuant to the Communications Act of 1934, as amended, 47 U.S.C. §§605, *et. seq.* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. §§553, *et. seq.* According to the Complaint, the Plaintiff owns the exclusive rights to the commercial distribution of a boxing match which was broadcast on August 27, 2011.[1] The Defendants, it is alleged, aired this broadcast by unauthorized interception and without a sublicensing agreement with the Plaintiff, thus, violating both Acts. The Complaint also contains a state law claim for conversion.

Defendant Eddie's After Hours Bar and Grill, LLC (Eddie's) filed its Answer but Defendant Sami Mehovic (Mehovic) moved to dismiss the action against him for failure to state a claim. [Doc. 11, Doc. 9]. The Magistrate Judge having issued a Memorandum and Recommendation to which Objections have been filed, the Court considers the same.

## STANDARD OF REVIEW

A district court reviews specific objections to a Memorandum and Recommendation under a *de novo* standard. 28 U.S.C. §636(b). "Parties

---

[1] The parties do not dispute the title of the match or the television broadcast involved.

filing objections must specifically identify those findings objected to." Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), overruled on other grounds Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996). If a party makes only general objections, *de novo* review is not required. Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir. 1997)(boilerplate objections will not avoid the consequences of failing to object altogether). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." United States v. Midgette, 478 F.3d 616, 621 (4th Cir.), cert. denied 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original). Likewise, merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review. Id.; Veney v. Astrue, 539 F.Supp.2d 841, 846 (W.D.Va. 2008). "Allowing a litigant to obtain *de novo* review of her entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'" Id. In order "to preserve for appeal an issue in a magistrate

judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Midgette, 478 F.3d at 622.

Where a party asserts claims in the objections which were not asserted in support of or in opposition to the motion, *de novo* review is not warranted. Price v. Dixon, 961 F.Supp. 894 (E.D.N.C. 1997)(claims cannot be raised for the first time in objections to a memorandum and recommendation).

## DISCUSSION

The Magistrate Judge recommended granting Defendant Mehovic's motion to dismiss for failure to state a claim. [Doc. 16]. Noting that the federal acts provide for individual liability of a defendant who has the right and ability to supervise the alleged violations and a strong financial interest in the offending conduct, the Magistrate Judge found that the Complaint is devoid of any such allegations. [Id. at 6-7]. The Magistrate Judge recommended dismissal of the conversion claim against Mehovic for two reasons. [Id. at 7-8]. First, he found the Complaint devoid of allegations that Mehovic, as opposed to Eddie's, controlled and thus wrongfully converted the program at issue. [Id.]. Second, he noted that in North Carolina, there is no cause of action for conversion of an intangible interest

such as the right to access or transmit a television program.[2] [Id.].

The Plaintiff does not object to any of these findings by the Magistrate Judge. [Doc. 18]. Instead, the Plaintiff "[s]pecifically … objects to the denial of Plaintiff's request for leave to amend" the Complaint. [Id. at 1]. The Court therefore finds that the Plaintiff has conceded that the allegations of the Complaint do not state claims upon which relief may be granted as to Mehovic. The Court also finds, having reviewed the Memorandum and Recommendation, that the Magistrate Judge's findings of fact and conclusions of law relating to the motion are accurate. The Court therefore adopts the Recommendation and will dismiss all three claims against Mehovic.

What remains is the Plaintiff's claim that it should be granted leave to amend its Complaint. The Magistrate Judge, it argues, erred by refusing to grant such leave. The Plaintiff, however, continues to misunderstand the procedural posture in which this case stands.

The Magistrate Judge quite properly noted that there was no motion for leave to amend pending before him and thus, there was no motion upon which he could rule. [Doc. 16 at 9]. Instead of making such a motion, the Plaintiff filed an Objection to the Magistrate Judge's "denial of [its] request

---
[2] See DirecTV, Inc. v. Benson, 333 F.Supp.2d 440, 456 (M.D.N.C. 2004).

for leave to amend." [Doc. 18 at 1]. The Magistrate Judge, however, did not deny any such request because no motion for leave to amend has been filed. Likewise, although the Plaintiff asks this Court to grant it leave to amend, there is, again, no such motion pending. Plaintiff's counsel simply cannot obtain such relief without the appropriate procedural mechanism being placed before the Court.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Motion to Dismiss of Defendant Sami Mehovic [Doc. 9] is hereby **GRANTED**.

Signed: June 19, 2013

Martin Reidinger
United States District Judge